

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2009

# Cecil Brookins v. Talib Ghafoor

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Cecil Brookins v. Talib Ghafoor" (2009). *2009 Decisions.* Paper 387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-013                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 09-2453

_____

CECIL BROOKINS,

Appellant

v.

COUNTY OF ALLEGHENY; JIM RODDEY, Chief County Executive Officer, Allegheny
County; CITY OF PITTSBURGH; TOM MURPHY, Mayor of the City of Pittsburgh,
Pennsylvania; PETE DEFAZIO, Sheriff of Allegheny County, Pennsylvania; CALVIN
LIGHTFOOT, Warden of Allegheny County Jail; DR. BRUCE DIXON, Medical Director of
Allegheny County Jail; MARCIA KING, Nurse at Allegheny County Jail; D. KNOX, Nurse at
Allegheny County Jail; JANE DOE 3, Nurse at Allegheny County Jail; JOHN DOE (4), in his
Official capacity as a nurse for the Allegheny County Prison/Jail also in his individual and
personal capacities; JANE DOE #5, Guard at Allegheny County Jail; JOHN DOE #6, Guard at
Allegheny County Jail; UMPC PRESBYTERIAN HOSPITAL; MARGARET HSIEH, in her
Official capacity as a Doctor for the UPMC Presbyterian Hospital, also in her individual and
personal capacities; JANE DOE (8) in her Official capacity as a Doctor for the UPMC
Presbyterian Hospital, also in her individual and personal capacities; BRIAN HARBRECHT,
Doctor at UPMC Hospital; MICHAEL B.HOROWITZ, in his Official capacity as a Doctor for
the UPMC Presbyterian Hospital, also in his individual and personal capacities; RICHARD
TOWNSEND, Doctor at UPMC Hospital; ROBERT MCNEILLY, Chief of Police, Pittsburgh
Police Department; DOMINIC COSTA, Commander, Negotiator Zone Six Police Station;
TALIB KEVIN GHAFOOR, in his Official capacity as negotiator/Cmdr, police officer for the
City of Pittsburgh, also in his individual and personal capacities; FAQUAR HOLLAND,
Detective, City of Pittsburgh Police; PATRICK KNEPP, City of Pittsburgh Police Officer, Swat
Officer; THOMAS HUERBIN, City of Pittsburgh Police Officer, Swat Officer; RONALD
GRIFFIN, Sgt. Negotiating, City of Pittsburgh Police Officer; ANDREW TICE, City of
Pittsburgh Police Officer; KEVIN WILKES, City of Pittsburgh Police Officer; JOHN SERAK,
City of Pittsburgh Police Officer, Swat Officer; STEVE MESCAN, City of Pittsburgh Police
Officer, Swat Officer; CHRIS SIMS, City of Pittsburgh Police Officer, Swat Officer; CMDR;
NATHAN HARPER, Commander In Charge of Barricade situation, police officer of the City of
Pittsburgh; RASHALL BRACKNEY-GRIFFIN, in her Official capacity as a Cmdr Tactical,
Police Officer for the City of Pittsburgh, in charge of the swat at the incident/shooting/crime
scene, also in her individual and personal capacities; DISTRICT ATTORNEY STEPHEN A.
ZAPPALA, in charge of supervising the crime scene and incident investigation; WILLIAM
MULLEN, JR., in his Official Capacity as a Deputy Chief of police, police officer for the City of

Pittsburgh, supervising and conducting a crime scene and shooting incident investigation, also in his individual and personal capacities; STEVEN HITCHINGS, Police Officer ,City of Pittsburgh; JOSEPH NOVAKOWSKI, Police Officer, City of Pittsburgh; LEO O'NEIL, Investigating Officer,City of Pittsburgh; LUKE RAVENSTAHL, in his Official and Administrative capacity as Mayor of the City of Pittsburgh and in his individual and personal capacity; RAMON RUSTIN, Warden of Allegheny County Jail

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-cv-00035)
District Judge: Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2009

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Filed: October 26, 2009)

_____

OPINION
_____

PER CURIAM

Cecil Brookins appeals pro se from the District Court's entry of summary judgment in favor of defendants. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Brookins filed an application to proceed in forma pauperis and a complaint

2

pursuant to 42 U.S.C. § 1983 seeking damages against defendants, wherein he claimed that officers of the Pittsburgh Police Department used excessive force while taking him into custody on an arrest warrant. He asserts that the officers wanted to kill him because he refused to help certain corrupt police officers participate in drug trafficking. He also claims that defendants falsified the arrest warrant, implemented a custom and policy of using excessive force, denied him medical care, conspired to defraud the United States, conspired to prevent the truth from being presented at his trial, and committed other acts of fraud and deceit.

In February 2002, Brookins engaged in a standoff with the Pittsburgh Police Department. One officer, defendant Costa, was in a room alone with Brookins, trying to convince him to surrender to police on an arrest warrant. While Brookins and Costa were speaking, Brookins noticed SWAT team members outside and became panicked or angry. When the SWAT team entered the room, Brookins began shooting, striking Costa and defendant Huerbin, and missing defendant Knepp. Knepp fired at Brookins eight times, striking him five times. Knepp stopped shooting when Brookins dropped his weapon. A jury convicted Brookins of three counts of attempted homicide. Brookins later filed this action.

After Brookins had amended his complaint, the Magistrate Judge issued his first Report and Recommendation, recommending dismissal of all claims other than the excessive use of force claim. Defendants filed a motion for summary judgment. In his

3

second Report and Recommendation, the Magistrate Judge recommended that the defendants' motion for summary judgment be granted. In March 2009, over Brookins' objections, the District Court adopted both Reports and Recommendations in full, denied Brookins' motions that sought injunctive relief and an extension of time, and granted the defendants' motion for summary judgment. Brookins timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

III.

The District Court dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B) all claims but Brookins' excessive force claim. The District Court noted that Brookins complains repetitively, and at length, that a combination of governmental, law enforcement, legal, and medical personnel have conspired against him. However, as the District Court found, Brookins fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court may discredit allegations that are "fanciful, fantastic, and delusional" and thus may dismiss a complaint as factually frivolous when the facts alleged "rise to the level of the irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citations

4

omitted).  After careful review of both amended complaints, we conclude that Brookins'

claims, other than his excessive force claim, were properly dismissed under § 1915(e).

IV.

To succeed on a § 1983 claim, a plaintiff must show that the defendant, acting

under of color of state law, deprived him of a federal right.  West v. Atkins, 487 U.S. 42,

48 (1988).  In evaluating whether a plaintiff's rights were violated by an arresting

officer's use of force, a court must determine whether the officer's actions in gaining

custody of the plaintiff were "reasonable."  See Scott v. Harris, 550 U.S. 372, 381 (2007);

Graham v. Connor, 490 U.S. 386, 397 (1989).  Factors to be considered include the

severity of the crime, whether the suspect posed an immediate threat to public safety, and

whether the suspect was actively resisting or evading arrest.  See Graham, 490 U.S. at

396; Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004).

The District Court's entry of summary judgment in favor of defendants was proper

because there was no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c).  To

overcome the defendants' argument that summary judgment was warranted, Brookins had

to "set forth specific facts" and present more than a "mere existence of a scintilla of

evidence" in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Brookins' argument that he was a blameless, unarmed victim is not borne out by the

record, which shows that he was armed and that he shot first.  Additionally, despite

Brookins' claim that he was shot sixteen times–or fourteen times, as he argued at trial–the

5

trial record indicates that he was shot five times. Knepp's testimony that he fired his weapon eight times before Brookins dropped his gun was uncontested. That the jury found Brookins guilty of three counts of attempted murder shows that it rejected a justification defense and establishes that Brookins was armed and shot the defendants. On this record, Brookins cannot show that the officers' use of force was excessive. Accordingly, summary judgment was properly entered in favor of defendants.

V.

Brookins also filed a writ of mandamus to compel officials at SCI-Houtzdale to provide him with more frequent access to the prison law library. He avers that the four-to-six hours a week afforded to him is insufficient, and effectively denies him access to the courts. The District Court properly treated Brookins' motion as one seeking injunctive relief. There is no indication in the record that the deficiencies in this case could have been remedied had Brookins been afforded more time in the prison law library. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (to show a denial of access to the courts, a prisoner must demonstrate that the underlying claim was "arguable" and "nonfrivolous," describe the official acts impeding the litigation, and identify a remedy that could not otherwise be obtained).

Finally, the District Court properly denied Brookins motion for an extension of time, after concluding that, given the clarity of the course of events surrounding Brookins' arrest and shooting, and after seven years of litigation, no conceivable reason

6

for an extension existed.

## VI.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

7.